UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                v.                                        **MEMORANDUM AND ORDER**
                                                              11-CR-857-1 (WFK)
WILBER BAIRES,
aka Doofy,

                           Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On April 11, 2012, Defendant Wilber Baires ("Defendant") pled guilty to Conspiracy to Assault with a Dangerous Weapon in-aid-of Racketeering. ECF No. 65 ("Guilty Plea"). On April 9, 2014, the Court sentenced Defendant to a term of thirty-six months imprisonment to be followed by one year of supervised release, and ordered Defendant to pay the $100 mandatory assessment fee. ECF No. 240 ("Sentencing Minute Entry"). On April 17, 2014, Defendant appealed his sentence. ECF No. 243 ("Notice of Appeal"). On January 29, 2016, the Second Circuit remanded Defendant's case for resentencing proceedings with instructions to discuss the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2). *United States v. Baires*, 14-1210, slip op. at 3-5 (2d Cir. Jan. 29, 2016). On February 17, 2016, the Court held a *Fatico* hearing to assist with resentencing. The Court now provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons stated below, Defendant is hereby sentenced to thirty months of imprisonment to be followed by one year of supervised release.

## BACKGROUND

On December 20, 2011, Defendant was charged in a multi-defendant, seventeen-count Indictment with one count of Conspiracy to Assault with a Dangerous Weapon in-aid-of Racketeering under 18 U.S.C. § 1959(b)(2) ("Count Three"). ECF No. 1 ("Indictment") at 8-9. On April 11, 2012, Defendant pled guilty to Count Three of the Indictment. *See* Guilty Plea at 1. On April 9, 2014, the Court sentenced Defendant to a term of thirty-six months imprisonment followed by three years supervised release, and ordered Defendant to pay the $100.00 mandatory assessment fee. *See* Sentencing Minute Entry; ECF No. 241 ("Judgment"); ECF No. 242 ("Statement of Reasons").

1

On April 17, 2014, Defendant filed a notice of appeal of his sentence with the Second Circuit Court of Appeals. *See* Notice of Appeal.

On January 29, 2016, the Second Circuit remanded Defendant's case with instructions to conduct resentencing proceedings. *United States v. Baires*, 14-1210, slip op. at 3-5 (2d Cir. Jan. 29, 2016). Specifically, the Second Circuit stated that the District Court "did not meet its obligation to state its reasons for imposing the sentence, particularly one that exceeds the guideline recommendation." *Id.* at 4.

The Court scheduled an evidentiary "*Fatico* hearing" for February 17, 2016, in accordance with the U.S. Sentencing Guidelines Manual § 6A1.3, to allow the parties the opportunity to supplement the record. For the reasons set forth below, the Court resentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the Section 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. When the District Court chooses to impose a sentence outside of the Sentencing Guidelines range, the Court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The Court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under [Section] 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at \*1

(E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal quotation marks and citation omitted). 18 U.S.C. § 3553(a) provides a list of reasons for the Court to consider in choosing what sentence to impose on a criminal defendant. Specifically, Section 3553(a) states "[t]he court, in determining the particular sentence to be imposed, shall consider[:]"

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
>> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> **(B)** to afford adequate deterrence to criminal conduct;
>> **(C)** to protect the public from further crimes of the defendant; and
>> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for--
>> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>>> **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>> **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>>
>> **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> **(5)** any pertinent policy statement--
>> **(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>> **(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> **(7)** the need to provide restitution to any victims of the offense.

The Court addresses each of the 18 U.S.C. § 3553(a) factors in turn.

## II. Analysis

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first 18 U.S.C. § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the [D]efendant." 18 U.S.C. § 3553(a)(1). Proceeding chronologically, the Court addresses first the history and characteristics of the Defendant and then the nature and circumstances of the offense. Based on these factors, a significant sentence is justified.

#### a. History and Characteristics of Defendant

Defendant was born on May 1, 1991, in San Miguel, El Salvador. *See* July 19, 2013 Presentence Investigation Report ("PSR") ¶ 54. Defendant's mother paid for him to enter the United States illegally when he was twelve, though he is now a permanent resident. *Id.* ¶ 60. Defendant has two children: Jeffrey Baires, age 3, and Natalie Ramos, age 2. *Id.* ¶¶ 57-8. He provides $30 per week in court-ordered child support to the mother of his youngest child. *Id.* ¶ 58.

Defendant has two prior convictions. On December 14, 2008, he was convicted of disorderly conduct in Queens County Criminal Court for possessing nine bags of cocaine and seven bags of marijuana. *Id.* ¶ 46. He was sentenced to one year of conditional discharge and a $250 fine. *Id.* On October 8, 2009, Defendant was convicted of attempted criminal trespass in Queens County Criminal Court and sentenced to another year of conditional discharge. *Id.* ¶ 47. According to court records, Defendant and three

4

others surrounded the victim, asked him what gang he was in, brandished a machete, and threatened to kill the victim if he did not give them money. *Id.*

Defendant has been a member of the gang "La Mara Salvatrucha," also known as "MS-13," since 2005, when he was fourteen years old. *Id.* ¶ 63. Over time he has risen through the organization's ranks, eventually serving in a leadership position for nine months. *Id.*

### b. Nature and Circumstances of the Offense

Defendant's offense is particularly disturbing because of the organization on whose behalf it was committed. MS-13 has grown from a small Salvadorian street gang into an international terrorist organization recognized by both the United States Treasury and the Supreme Court of El Salvador.[1] *Id.* ¶ 4.

MS-13 has a hierarchical structure, with the leaders of smaller chapters, or "cliques," reporting to a state-wide council, which in turn reports to a coastal council that receives its orders straight from gang leadership in El Salvador. *Id.* ¶ 5. At the time of induction, new MS-13 members swear an oath to shoot, stab, and otherwise injure any members of other gangs. *Id.* Gang membership is considered a lifetime commitment; only on rare occasions may clique members vote on whether an individual can leave the gang. *Id.*

The primary purpose of MS-13 is to promote and enhance its own prestige, reputation, and territorial position with respect to rival criminal enterprises. *Id.* ¶ 8. Gang members strive to

---

[1] *See* Press Release, U.S. Dep't Treasury, Treasury Sanctions Latin American Criminal Organization (Oct. 11, 2012); Vishakha Sonawane, *El Salvador Declares Street Gangs As Terrorist Groups, Supreme Court Rules*, Int'l Bus. Times (Aug. 25, 2015, 3:15 A.M.), http://www.ibtimes.com/el-salvador-declares-street-gangs-terrorist-groups-supreme-court-rules-2066665.

achieve these ends through intimidation, threats of violence, drug trafficking, robbery, assault, and murder. *Id.*

MS-13 is funded primarily through street-level cocaine sales and robberies. *Id.* ¶ 6. The gang maintains a vast inventory of firearms, ammunition, and knives, which are issued to members for specific assaults or murders and then returned to the clique's central stockpile. *Id.* Clique members routinely carry out directives from regional, national, and international MS-13 leaders to kill witnesses, rival gang members, and cooperating or defecting MS-13 members. *Id.*

Defendant committed the instant offense as a member of the Flushing clique, one of four cliques in Queens, New York. *Id.* ¶ 10. Between 2007 and December 30, 2011, Defendant and three other members of MS-13 conspired to assault members of the rival Bloods gang with dangerous weapons. *Id.* ¶ 14. In January of 2011, the New York Police Department ("N.Y.P.D.") recorded a telephone conversation between two of Defendant's co-conspirators in which they discussed "doing something" to Bloods members at Francis Lewis High School in Queens, New York, in retaliation for an assault on a fellow MS-13 member. *Id.* ¶ 15. The co-conspirators intended to assault the Bloods members with a baseball bat and brass knuckles as they left school. *Id.* The N.Y.P.D. dispatched officers to Francis Lewis High School on the day of the planned assault, however, thwarting the plan. *Id.* ¶ 16. Later that evening, the N.Y.P.D. recorded a telephone conversation between Defendant and one of his co-conspirators in which they attempted to figure out how the police had learned of the assault. *Id.* Defendant was arrested on January 5, 2012. *Id.* ¶ 25.

In addition to the conduct described above, Defendant also stated to law enforcement on December 14, 2011, that he participated in a violent assault of a Bloods member in 2007, during which he repeatedly kicked the victim while another MS-13 member hit the victim in the head

with a rock. *See* ECF No. 236 ("Gov't Sentencing Mem.") at 2. He also acknowledged his participation in a machete attack against a member of the rival 18th Street Gang in 2009. *See id.*

**2. The Need for the Sentence Imposed**

The second 18 U.S.C. § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court will address each subsection in turn.

**a. Reflecting the Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment**

The Court finds a significant sentence is necessary to accomplish the purposes of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Although Defendant was unable to actually commit the planned assault, it is apparent that he would have absent the N.Y.P.D. expeditiously deploying officers to Francis Lewis High School. Such a crime would have resulted in violence against, and possibly death for, high school children. It would have triggered an in-kind response from the Bloods, further contributing to the cycle of retribution between rival gangs. This Defendant displayed neither remorse nor recognition of the severity of his conduct. At the January 10, 2012 status conference in this matter, this Court personally observed Defendant cynically flashing gang signs and laughing with his fellow MS-13 defendants. A significant sentence will help Defendant understand the grave consequences of his actions.

7

### b. Affording Adequate Deterrence to Criminal Conduct

"Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." *Davis*, 2010 WL 1221709 at *2. The Court finds a significant sentence of incarceration is also necessary to afford adequate deterrence, both specific and general, to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B).

At twenty-two years of age, this Defendant is already a leader of MS-13 in this judicial district. There is substantial risk that he will revert to additional criminal activity if not adequately prevented from doing so. The Court finds that specific deterrence will be achieved by Defendant's incapacitation for the duration of his thirty-month sentence. Regarding general deterrence, the Court finds that a significant sentence will "send a clear message that any involvement in [street] gangs will result in a substantial period of incarceration." *United States v. Pender*, 07-CR-874, 2009 WL 1013500, at *2 (E.D.N.Y. Apr. 14, 2009) (Weinstein, J.).

### c. Protecting the Public from Further Crimes of the Defendant

As noted above, Defendant has planned and executed violent assault on more than one occasion. Perhaps more importantly, he is a leader in a notoriously merciless gang that rarely allows members to leave its ranks. Upon his release from prison, the Court sees no indication that Defendant will change his ways. The only means by which the Court can protect the public from Defendant's continued pursuit of criminal activity is to incarcerate him for a significant period of time.

### d. Providing Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Defendant does not require additional educational or vocational training, medical care, or other correctional treatment. Accordingly, this factor is irrelevant.

### 3. The Kinds of Sentences Available

The third 18 U.S.C. § 3553(a) factor requires the Court to discuss "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Conspiracy to Assault with a Dangerous Weapon in-aid-of Racketeering under 18 U.S.C. § 1959(a)(6). *See* Guilty Plea at 1. This count carries a maximum imprisonment term of three years, 18 U.S.C. § 1959(a)(6), and a maximum supervised release period of one year, 18 U.S.C. § 3583(b)(3). In addition, because this Count is a Class E Felony, Defendant is eligible for not less than one nor more than five years probation, with one or more of the following conditions unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. §§ 3561(c)(1), 3563(a)(2). This Count also carries a maximum fine of $250,000.00, 18 U.S.C. § 3571(b), and a mandatory special assessment of $100.00, 18 U.S.C. § 3013. Because no loss has been identified in this case, restitution is not applicable. 18 U.S.C. § 3663A. Accordingly, the Court's sentence of thirty months imprisonment, followed by one year of supervised release, falls within the kinds of sentences available to Defendant.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth 18 U.S.C. § 3553(a) factor requires the Court to detail "the kinds of sentence and the sentencing range established for[] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced[.]" 18 U.S.C. § 3553(a)(4)(A).

Guideline 2E1.1(a)(2) provides that the base offense level for Conspiracy in-aid-of Racketeering be derived from the guideline for the underlying offense. U.S. Sentencing Guidelines Manual § 2E1.1(a)(2) (U.S. Sentencing Comm'n 2015) ("U.S.S.G."). The underlying offense is Conspiracy to Assault with a Dangerous Weapon, to which Guideline 2X1.1 applies. *Id.* § 2X1.1. Guideline 2X1.1(a) instructs that the base offense level for Conspiracy to Assault with a Dangerous Weapon is the offense level for the underlying offense, plus any adjustments for intended conduct that can be established with reasonable certainty. *Id.* § 2X1.1(a). Accordingly, Defendant has a base offense level of fourteen pursuant to Guideline 2A2.2, which governs convictions for Aggravated Assault. *Id.* § 2A2.2. Two offense levels are added because Defendant engaged in more than minimal planning by speaking with co-defendants to coordinate the attack. *Id.* § 2B3.1(b)(2)(C). An additional four-level enhancement is warranted because the Defendant and his co-defendants intended to use dangerous weapons—here, a baseball bat and brass knuckles—during the assault. *Id.* § 2B3.1(b)(6). Because Defendant demonstrated acceptance of responsibility for the offense and pled guilty in a timely manner, a decrease of three offense levels is permitted by the guidelines. *Id.* §§ 3E1.1(a), 3E1.1(b).

Taking all adjustments into account, Defendant's offense level is seventeen. *See* PSR ¶ 44. With a criminal history category of I, Defendant's guidelines sentencing range is twenty-four to thirty months. *See* U.S. Sentencing Guidelines Manual Sentencing Table (U.S. Sentencing Comm'n 2015). Defendant is eligible for a supervised release term of one year. *Id.* § 5D1.2(a)(3). Defendant is ineligible for probation because the applicable guidelines range is in Zone D of the Sentencing Table. *Id.* § 5B1.1, comment (n.2). The guidelines suggest a fine within the range of $10,000 to $95,000. *Id.* § 5E1.2(c)(3). Costs of prosecution shall be considered in determining whether to impose a fine. *See id.* § 5E1.5; PSR ¶ 95.

## 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth 18 U.S.C. § 3553(a) factor requires the Court to evaluate "any pertinent policy statement [] issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and [] that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5).

Policy Statement § 5H1.8, in conjunction with § 4A1.3, provides that a defendant's criminal history may warrant an upward departure if reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. U.S.S.G. §§ 5H1.8, 4A1.3(a). Defendant has been previously convicted twice: once for disorderly conduct and once for criminal trespass. In the first case, Defendant was found in possession of nine bags containing cocaine and seven bags containing marijuana. PSR ¶ 46. In the second case, Defendant was arrested for robbery and convicted of attempted criminal trespass. *Id.* ¶ 47. Because of the ultimate disposition of these offenses, neither contributed any criminal history points under the guidelines analysis, and therefore an upward departure may be warranted.

Additionally, the Presentence Investigation Report notes that Defendant used the filing status "head of household" for his 2011 federal and state tax returns, despite being married at that time. PSR ¶ 102. Pursuant to Policy Statement 4A1.3, this false representation is a factor that the Court may consider in departing upward from the guidelines. *See* U.S.S.G. § 4A1.3(a).

## 6. The Need to Avoid Unwarranted Sentence Disparities

The sixth 18 U.S.C. § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant pled guilty to Conspiracy to Assault with a Dangerous Weapon in-aid-of Racketeering, which carries a maximum imprisonment term of three years of incarceration. *See* Guilty Plea at 1; 18 U.S.C. § 1951(a). Accordingly, a sentence of up to three years imprisonment is not beyond the pale for Defendant's crime, and avoids disparities with other federal sentences which recognize the severity of such a crime.

In addition, "[t]he New York state statute, while not directly applicable, provides a useful indication of how this crime would be treated" under state law. *United States v. Ferranti*, 928 F. Supp. 206, 214 (E.D.N.Y. 1996) (Weinstein, J.). The New York state analog to Defendant's crime is Conspiracy in the Fourth Degree, which carries a sentence of one to four years of imprisonment. *See* New York Penal Law §§ 105.10, 70.00(2)(e). A substantial prison sentence would therefore not create a disparity with New York State sentences for similar defendants.

## 7. The Need to Provide Restitution

Lastly, the seventh 18 U.S.C. § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Because no loss has been identified Defendant's case, restitution is not applicable. *See* 18 U.S.C. § 3663A. Accordingly, this factor is not relevant.

## CONCLUSION

The Second Circuit in its recent mandate to this Court properly demanded answers and properly insisted on the truth. The Second Circuit can handle the truth. The truth is that Mr.

Baires is a dangerous leader of MS-13 who should be sentenced to a term of incarceration of thirty months imprisonment. Such a sentence, in addition to one year of supervised release and the $100.00 mandatory assessment fee, is appropriate and comports with the dictates of Section 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2016
Brooklyn, New York